# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:20-cr-0048-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| (2) CRISTIN MARIE LIVINGSTON, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Defendant Cristin Marie Livingston's Consent Motion to Allow Change of Plea Hearing to be Conducted by Video [Doc. 76].

On June 2, 2020, the Defendant Livingston was charged in a Bill of Indictment with various drug offenses in violation of 21 U.S.C. §§ 846, 841(a)(1). [Doc. 1]. On June 22, 2020, Defendant Livingston's arraignment was held, at which time the Magistrate Judge calendared the case to the August 31, 2020 trial term. On August 18, 2020, the Court continued the case to the November 2, 2020 trial term. [Doc. 48]. On October 30, 2020, the Court continued the case to its current setting during the January 4, 2021 trial term. [Doc. 65]. On November 16, 2020, the Government filed an executed plea agreement and factual basis as to Defendant Livingston. [Docs. 74, 75].

Defendant Livingston now seeks to have the Rule 11 Hearing in this matter conducted by video teleconference. [Doc. 76 at 1-2]. As grounds, counsel for the Defendant states that the Defendant is presently detained in the Swain County Detention Center and six (6) deputies with the Swain County Sheriff's Office have tested positive for COVID-19. [Id.]. Counsel for Defendant Livingston further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by video teleconference. [Id. at 3].

The Court finds, under the unique circumstances of this case, that conducting a Rule 11 Hearing in this matter by video teleconference is appropriate. Considering the limitations on the personnel available to transport the Defendant to and from the Courthouse and the Swain County Detention Center and the attendant risk associated with such transport at the present time, and the fact that the Defendant's trial is scheduled for the January 4, 2021 trial term and transportation of the Defendant for an in-person Rule 11 Hearing before the trial term is unlikely to be possible under the circumstances, the Court finds that the Defendant's Rule 11 Hearing "cannot be further delayed without serious harm to the interests of justice." Coronavirus Aid, Relief, and Economic Security Act (CARES Act) PL 116-136, March 27, 2020, 134 Stat 28; [3:20-mc-00048, Doc. 8 at 3].

For the reasons state herein, and pursuant to the CARES Act and this Court's Standing Order [3:20-mc-48, Doc. 8], the Defendant's Rule 11 Hearing may take place by means of video teleconference.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant Cristin Marie Livingston's Consent Motion to Allow Change of Plea Hearing to be Conducted by Video [Doc. 76] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by video teleconference.

**IT IS SO ORDERED.**

Signed: December 4, 2020

Martin Reidinger
Chief United States District Judge

3

Case 1:20-cr-00048-MR-WCM   Document 79   Filed 12/04/20   Page 3 of 3